# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SA CV 08-1274 DOC(MLGx)            Date: December 5, 2008

Title: Kareem Salessi v. Commonwealth Land Title Insurance Company et. al.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                      Date:_____    Deputy Clerk: _____

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                              Not Present
    Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

      The complaint alleges federal question as its jurisdictional basis. *See* 28 U.S.C. § 1331. However, this allegation appears improper because:

    [X]    All causes of action arise under state law.

      The complaint alleges diversity jurisdiction. *See* 28 U.S.C. § 1332. However, the exercise of diversity jurisdiction would be improper for the reason(s) checked below:

    [X]    The complaint sets forth only the residence, rather than the citizenship, of the parties, but diversity or alienage is based upon a party's citizenship. *See* 28 U.S.C. 1332(a).

[X]   A corporation is joined as a party.  The complaint fails to set forth either the corporation's state of incorporation or its principal place of business (both must be set forth).  *See* 28 U.S.C. § 1332(c).

[ ]   A partnership or unincorporated association is joined as a party.  For diversity or alienage jurisdiction to be proper, none of the partners or members, including limited partners, can be a citizen of the same state as any opposing party.  The citizenship of all the entity's partners must therefore be alleged.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192-96, 110 S. Ct. 1015, 1019-21, 108 L. Ed. 2d 157 (1990); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987).

[ ]   All plaintiffs are not diverse from all defendants.  *See* 28 U.S.C. § 1332; *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

[ ]   The complaint fails to allege the citizenship of one or more parties.  *See* 28 U.S.C. § 1332.

[ ]   The complaint fails to allege an amount in controversy in excess of $75,000.  *See* 28 U.S.C. § 1332.

Accordingly, the Court orders Plaintiff(s) to show cause in writing by **December 22, 2008,** why this action should not be dismissed for lack of subject matter jurisdiction.  Defendant(s) may submit a response in the same time period.  An amended complaint correcting the deficiencies will be deemed a sufficient response to this order to show cause.

The Clerk shall serve this minute order on all parties to the action.