JS-6

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013

Title: <u>KAREEM SALESSI V. COMMONWEALTH LAND TITLE INSURANCE COMPANY, ET AL.</u>

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

<u>Denise Vo for Julie Barrera</u>                    <u>        N/A        </u>
Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                  None Present

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT SKINNER'S MOTION FOR SANCTIONS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Before the Court are the motions to dismiss by Defendant Ann Skinner ("Defendant Skinner"), Dkt. 83; Defendant County of Orange ("Defendant County"), Dkt. 91; Defendants Patrick and Deborah Oritz (Defendant Ortiz), Dkt. 106; Defendants Commonwealth Land Title Insurance Company and Fidelity ("Defendant Commonwealth"); Defendant Wachovia Corporation ("Defendant Wachovia"), Dkt. 115; and Defendant Judge William M. Monroe ("Defendant Monroe"), Dkt. 139.

After reviewing the motions, oppositions, and replies, the Court herby GRANTS Defendants' motions to dismiss. Defendant Skinner also moves to impose sanctions against Plaintiff. The Court GRANTS Defendant Skinner's Motion for Sanctions.[1]

Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 120) is also before the Court. After reviewing the motion and opposition, the Court hereby DENIES Plaintiff's motion.  Finally, two motions seeking to strike an "alias summons"

---

[1] The Court finds the matter appropriate for decision without oral argument.  Fed R. Civ. P. 78; L. R. 7-15.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                       Page 2

filed by Plaintiff (Dkt. 148, Alias Summons, and Dkts. 157 & 164, motions to strike) are
GRANTED, as Plaintiff is attempting to serve defendants after this Court's deadlines for
serving any defendants.

    I.      **Background**

      The facts alleged by Kareem Salessi ("Plaintiff") are vague, redundant, and
confusing. This case arises from Plaintiff's purchase of a house in Laguna Niguel in 2002
("the Aloma property"). The California Court of Appeals summarized the relevant facts
surrounding the purchase of the Aloma property. RJN No. 2 (Dkt. 84) at Ex. F. The Court
will provide a shorter overview.

      The Plaintiff's basic narrative is that his own agent, the sellers' brokers and
agents, the sellers themselves, his loan broker, an appraisal company hired by a
prospective lender, the eventual lender, and the county tax assessor all conspired to sell
Plaintiff an uninhabitable home, the Aloma property.

      In July 2002, Plaintiff was in the market to buy a house. When his agent showed
him the Aloma property, Plaintiff believed that the house was too small, but the agent
convinced Plaintiff that it met Plaintiff's 1,800 square foot minimum requirement.
Plaintiff's agent also convinced him that the property was built in the 1980's, when in
reality it was built in the early 1970's. These representations were confirmed by the
sellers, Defendant Ortiz. Other entities covered up termite damage and structural flaws in
the house. Plaintiff signed an offer in August 2002.

      In an unclear process, Plaintiff received a loan to pay for the Aloma property.
Through an elaborate scheme involving the banks, escrow companies, real estate agents,
and government officials, Plaintiff's loan documents were forged, hidden, and recorded.

      Plaintiff's First Amended Complaint, the operative complaint in the present case,
adds more conclusory statements about conspiracies, forgeries, and cover ups engaged in
by all of the present defendants. The Court need not piece together a cohesive narrative,
which Plaintiff himself is unable to do, because all of Plaintiff's claims are barred on
procedural grounds or fail on threshold matters.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 3

---

Plaintiff filed two previous state court actions. On November 4, 2004, Plaintiff filed a case in the Superior Court of Orange County, case number 04CC11080. RJN No. 2 at Ex. A. The third amended complaint, the operative complaint in that case, asserted claims against Defendants Ortiz, Skinner, Coast Cities Escrow, Cameron Merage, World Savings Bank, and County, among others.[2] *Id*. Plaintiff's thirty-one causes of action in state court arose from the alleged fraud and conspiracy in Plaintiff's purchase of the Aloma property. *See generally* RJN No. 1 (Dkt. 68) at Ex. B. A default judgment was entered against Defendants Century Funding, Frank Peimani, Southwood Pest Control, and Dana Ballard. Judgment on the pleadings was granted in favor Defendant Skinner and Defendant Coast Cities Escrow. RJN No. 2 at Ex. D. The court granted Defendant Cameron Merage a judgment on the pleadings in a separate order. *Id*. at Ex. E. This judgment was affirmed on appeal. *Id*. at Ex. F. The remaining defendants were dismissed. Omnibus Objections (Dkt. 132) at 19.

In Plaintiff's second state court action, Super. Ct. County of Orange 04CC1108030–2008–00107531 (filed June 3, 2008), Plaintiff brought claims against Defendant Wachovia, Defendant Golden West Savings, and Defendant Fidelity arising out of Plaintiff's loans with the defendants and the purchase of the Aloma property. RJN No. 4 (Dkt. 116) at Ex. C. The court dismissed Defendant Wachovia and Defendant Golden West Savings with prejudice. *Id*. at Ex. E. The judgment was affirmed on appeal. *Id*. at Ex. F. Defendant Fidelity was also dismissed. *Id*. at Ex. E.

Plaintiff brings the current action in federal court arising out of the same purchase of the Aloma property. Each of the current defendants was a named defendant in at least one of the previous state court actions.

II.     **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss).  The pleadings must raise the right to relief beyond the

---

[2] All of these defendants are currently before this Court as well. *See generally* FAC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 4

---

speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The court is not required to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

      In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

      A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact."  *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).  For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint."  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

      Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                Date: October 16, 2013
                                                  Page 5

be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

## III.    Discussion

Defendants separately filed motions to dismiss Plaintiff's First Amended Complaint. The Court will address each motion separately. Because the Court agrees with Defendants on the following grounds, the Court DISMISSES WITH PREJUDICE Plaintiff's claims.

### a. Defendant Skinner[3]

Defendant Skinner contends that Plaintiff's sixth and eighth causes of action against her are barred by res judicata and the statute of limitations and that this Court does not have subject matter jurisdiction over Plaintiff's fourth cause of action. The Court agrees.

---

[3] Plaintiff and Defendants Skinner, Coast Cities Escrow, and Cameron Merage have stipulated that Defendant Skinner's Motion to Dismiss and Reply will apply equally to Defendants Coast Cities Escrow and Cameron Merage. Stipulation (Dkt. 152) at 2. Therefore, the Court's determinations below as to Plaintiff's claims against Defendant Skinner apply equally to Defendants Coast Cities Escrow and Cameron Merage.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 6

---

### 1. Fourth Cause of Action

Plaintiff's fourth cause of action for equitable subrogation seeks to substitute Defendant Skinner, among others, as a judgment debtor in the state court judgment. FAC ¶ 119. Plaintiff has been unable collect on a default judgment in the state court action against Century Funding, Frank Peimani, Southwood Pest Control, or Dana Ballard. *Id*. ¶ 118. Plaintiff cites to the Full Faith and Credit clause of 28 U.S.C. § 1738 to support his assertion that substitution of Defendant Skinner is proper. *Id*. ¶ 121. Plaintiff fails to acknowledge that the state court rendered judgment in favor of Defendant Skinner against Plaintiff. RJN No. 2 at Ex D. On July 6, 2006, the Orange County Superior Court granted Defendant Skinner a judgment on the pleadings and dismissed the case against her without leave to amend. RJN No. 2 at Ex D. This Court must give full faith and credit to that judgment, and Plaintiff offers no meritorious argument for the relief he requests. Therefore, Plaintiff's fourth cause of action is DISMISSED WITH PREJUDICE as to Defendant Skinner.

### 2. Sixth and Eighth Causes of Action—Res Judicata

Res judicata bars Plaintiff's sixth cause of action for preparation and recordation of false documents and his eighth cause of action for establishing a constructive trust and disgorgement of profits.

Res judicata applies where "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002). "Res judicata applies not only to those claims actually litigated in a prior proceeding, but also to those which could have been litigated as part of that cause of action." *Moore v. City of Costa Mesa*, 678 F. Supp. 1448, 1450 (C.D. Cal. 1987). "California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action." *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 809 (9th Cir. 2007) (quoting *Robi v. Five Platters, Inc.*, 838 F.2d 318, 324 (9th Cir. 1988)). A judgment on the pleadings is a decision on the merits. *See, e.g.*, *General*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 7

---

*Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

On November 4, 2004, Plaintiff brought a state court action against Defendant Skinner and others in *Salessi v. Abercrombie et al.,* Super. Ct. County of Orange 04CC11080. RJN No. 2 at Ex. A. Plaintiff alleged various forms of fraud, common counts, conflict of interest, forgery, and perjury against Defendant Skinner. RJN No.1 at Ex B. Judgment on the pleadings was granted in favor of Defendant Skinner.[4] RJN No. 2 at Ex D. Plaintiff now alleges claims against Defendant Skinner for preparation and recordation of false documents and for establishing a constructive trust and disgorgement of profits. FAC at 48, 54. Like Plaintiff's state court claims, Plaintiff's current claims arise out of Plaintiff's purchase of the Aloma property and the alleged fraud of Defendant Skinner. *See id.* at 48–50, 54–56. In the two actions, the parties are the same, the same "primary right" is at issue, and the prior litigation terminated by a final judgment on the merits. The three res judicata requirements have been met. Therefore, the Court DISMISSES WITH PREJUDICE Plaintiff's sixth and eighth causes of action against Defendant Skinner.

### 3. Sixth and Eighth Causes of Action—Statute of Limitations

California applies a 3-year statute of limitations for actions arising out of statute, resulting in injury to real property, based on fraud, and as against a Notary Public. (Cal. Code Civ. Proc., § 338, subds. (a), (b), (d) and (f).) A 4-year statute of limitations applies to RICO actions (*Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (U.S. 1987)) and the statute begins to run when a plaintiff knew or should have known of his injury (*Rotella v. Wood*, 528 U.S. 549, 553-554 (U.S. 2000)).

As noted above, Plaintiff was aware of Defendant Skinner's alleged fraud, at the latest, at the time he filed his state court action on November 4, 2004. Plaintiff filed the present action more than four years after he filed the state action. Thus, the statute of limitations provides a separate basis for dismissal with prejudice.

---

[4] Judgment on the pleadings was also granted in favor of Defendant Coast Cities Escrow. RJN at Ex. D. Defendant Merage's judgment on the pleadings was granted in a separate judgment, which was affirmed on appeal. RJN at Ex. F.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                     Page 8

---

### b. Defendant County of Orange

Defendant County contends that Plaintiff's claims against it are barred by the applicable statute of limitations. The Court agrees.

Defendant County was also a named defendant in *Salessi v. Abercrombie et al.*, Super. Ct. County of Orange 04CC11080. RJN No. 1 at Ex. B. In the state action, Plaintiff alleged claims against Defendant County for various forms of fraud, common counts, declaratory relief, and conspiracy and racketeering under RICO. *Id*. Similarly here, Plaintiff alleges that Defendant County engaged in fraud, conspiracy, and racketeering under RICO. *See, e.g.*, FAC ¶¶ 49, 132. Plaintiff further contends that Defendant County violated his Constitutional rights by recording forged and fraudulent documents and refusing to take any steps to expunge the record. *Id*. ¶ 315–18. These allegations arise out of the same purchase of the Aloma property and Defendant County's alleged fraud. Plaintiff was aware of his claims and injury on November 4, 2004 at the latest. Plaintiff filed the present action more than four years later and, thus, outside of the statute of limitations period.[5] Plaintiff's claims against Defendant County are barred by the statute of limitations. Therefore, they are DISMISSED WITH PREJUDICE.

### c. Defendant Ortiz

Defendant Ortiz, who sold the property to Plaintiff, moves to dismiss Plaintiff's first cause of action, for quiet title/cancellation, and his eighth cause of action, for a constructive trust. The Court agrees with Defendant Ortiz that Plaintiff cannot adequately plead either claim..

### 1. First Cause of Action

Under California law, for a complaint to quiet title "it is sufficient to allege that plaintiff is the owner of certain described property, that the defendant claims an interest therein adverse to plaintiff, and that such claim is without right." *Fortaleza v. PNC Financial Services Group Inc.*, 642 F. Supp.2d 1012, 1023 (N.D. Cal. 2009).

---

[5] Plaintiff's equitable subrogation claim also has a four year statute of limitations and is barred. *See Liberty Mut. Ins. Co. v. Colonial Ins. Co.*, 8 Cal. App.3d 427, 432 (1970). An equitable subrogation claim is also inapplicable to these factual circumstances. *See infra* section III.d.3. Finally, claim preclusion provides a separate ground for the same result.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 9

---

     "The claim splitting doctrine is derived from principles of res judicata," *Urbano v. Bank of America, N.A.*, 2012 WL 2934154 at *3 (E.D. Cal. July 18, 2012), and "bars a party from subsequent litigation where the 'same controversy' exists." *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1058 (S.D. Cal. 2007) (citing *Nakash v. Superior Court*, 196 Cal. App.3d 59, 68 (1987)). "[A] party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction . . . that can be brought together." *Biogenex Laboratories, Inc. v. Ventana Medical Systems, Inc.*, No. C-05-860-JF, 2005 WL 1869342 at *2 (N.D. Cal. Aug. 5, 2005) (quoting *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995)). The "main purpose behind the rule preventing claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim." *Id*. (quoting *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995)).

     Here, Plaintiff previously argued that the alleged fraud and conspiracy arising out of the sale of the Aloma property rendered the sale void. Therefore, Plaintiff contended, Defendant Ortiz retained ownership of the property. The state court dismissed these claims with prejudice. Plaintiff now makes the same allegations of fraud and conspiracy in federal court, with the added wrinkle that he alleges that he has since acquired possession of the Aloma property through adverse possession and, therefore, a valid quiet title claim exists. Under the claim splitting doctrine, Plaintiff cannot re-litigate the fraud and conspiracy issues. The state court dismissed with prejudice all claims indicating that the sale of the Aloma property was invalid. Plaintiff purchased the Aloma property and was its rightful owner. Plaintiff subsequently defaulted on his mortgage and lost the home in foreclosure. Plaintiff cannot now allege that Defendants' interest in the Aloma property is without right. Plaintiff has not met the third element of a quiet title claim. Therefore, Plaintiff's quiet title claim is DISMISSED WITH PREJUDICE.

     Although not briefed by all Defendants, the Court concludes that this same reasoning applies to all Defendants named in the first cause of action. The Court therefore DISMISSES WITH PREJUDICE Plaintiff's quiet title claim against all Defendants.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 10

---

### 2. Eighth Cause of Action

A constructive trust is an equitable remedy imposed to prevent *unjust* enrichment. (*In re Advent Management Corp.*, 178 B.R. 480 (9th Cir. 1995). The law requires that in order to create a constructive trust, the defendant must have detained a thing "wrongfully." Plaintiff alleges that Defendant Ortiz received the proceeds of a loan from the sale of their home. Plaintiff does not allege any facts indicating that they did so wrongfully. For the reasons in section III.c.1, Plaintiff cannot rely on the alleged fraud during the sale of the Aloma property. Therefore, Plaintiff's eighth cause of action is DISMISSED WITH PREJUDICE.

### d. Defendant Commonwealth

Plaintiff brings five claims against Defendant Commonwealth: 1) an injunction against state court proceedings pursuant to 42 U.S.C. 1983; 2) violation of federal and state lender laws; 3) equitable subrogation; 4) preparation and recordation of false documents; and 5) RICO violations and violation of Section 790.03 of the California Insurance Code. Defendant Commonwealth moves to dismiss each of Plaintiff's claims on the grounds that they are insufficiently pled or procedurally barred. The Court agrees.

### 1. Injunction Against State Court Proceedings

Under his second cause of action, Plaintiff requests this Court to enjoin the proceedings in two state court actions: Orange County Case Number 30–2008–00107531–CU–OR–CJC and Orange County Case Number 30–2008–00091741–CL–UD–HLH. FAC ¶¶ 80–91. Both cases have terminated via summary judgment against Plaintiff. RJN No. 3 (Dkt. 108) at Exs. C, D. The judgment in Orange County Case Number 30-2008-00091741-CL-UD-HLH was appealed and affirmed. *Id*. at Ex. D. Therefore, Plaintiff's second cause of action is moot. It is properly DISMISSED WITH PREJUDICE.[6]

### 2. Violation of Federal and State Lender Laws

The only allegation in the third cause of action against Defendant Commonwealth is an alleged violation of 18 U.S.C. § 1962 "for their RICO efforts in the collection of the

---

[6] The same reasoning and holding applies to Plaintiff's claim against Defendant Wachovia.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 11

---

new unlawful debt." FAC ¶ 106(d). Plaintiff has not explained how Defendant Commonwealth, a title company, was involved in collection efforts. Regardless, Plaintiff's claim is barred by the four year statute of limitations on RICO claims. For the reasons outlined in section III.a.2 and III.b, Plaintiff's third cause of action is barred by the statute of limitations. It is therefore DISMISSED WITH PREJUDICE.

### 3. Equitable Subrogation

Equitable subrogation is generally appropriate where (1) the subrogee made the payment to protect his own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. *Mort v. U.S.*, 86 F.3d 890, 894 (9th Cir. 1996) (citing *Han v. United States*, 944 F.2d 526, 529 (9th Cir. 1991)). Equitable subrogation applies "whenever one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." *Id*.

Plaintiff asks this Court to substitute Defendant Commonwealth in as a judgment debtor in place of state court defendant from whom Plaintiff has been unable to collect damages. FAC ¶ 119. These circumstances are not proper for equitable subrogation. None of the required elements are met or alleged. Therefore, Plaintiff's fourth cause of action is DISMISSED WITH PREJUDICE.

### 4. Preparation and Recordation of False Documents

Plaintiff does not allege any facts specific to Defendant Commonwealth in his sixth cause of action for preparation and recordation of false documents. Generally, Plaintiff alleges that "defendants" have violated 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1961–1968. FAC ¶ 140. Plaintiff fails to allege any facts indicating Defendant Commonwealth's role in the alleged forgeries or any awareness of the forgeries. Plaintiff's allegations are insufficient as a matter of law. This

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 12

---

is Plaintiff's second attempt at proper pleading. Plaintiff's sixth cause of action against
Defendant Commonwealth is DISMISSED WITH PREJUDICE.[7]

### 5. RICO Violations and Violation of Cal. Ins. Code § 790.03

Plaintiff's ninth cause of action, for RICO violations and violation of § 790.03 of
the California Insurance Code, is barred by the statute of limitations. As outlined in
sections III.a.2 and III.b above, there is a four year statute of limitations on RICO claims,
which has passed. Pursuant to California Code of Civil Procedure § 339(1), there is a two
year statute of limitations on an action founded on a title insurance policy. This claim is
barred for the same reason. Therefore, Plaintiff's ninth cause of action is DISMISSED
WITH PREJUDICE.

### e. Defendant Wachovia

Defendant Wachovia contends that Plaintiff's claims against it are barred by res
judicata. The Court agrees.

World Savings Bank, FSB was named as a defendant in the previous state action,
Orange County Number 30–2008–00107531. RJN No. 4 at Ex. C. In that case, Plaintiff
asserted three causes of action against World Savings Bank based on two loans he
obtained from them in 2002. Among other things, Plaintiff alleged: (1) he did not actually
obtain title to the real property because the grant deed was forged; (2) Wachovia
Mortgage, FSB violated the Truth-In-Lending Act when it originated the loans; (3)
Plaintiff was defrauded in connection with the loans; (4) and that a notice of trustee's sale
was defective and thus the foreclosure sale of real property could not proceed. *Id*. The
court dismissed World Savings Bank with prejudice. *Id*. at Ex. E. The court's judgment
was affirmed on appeal.

Defendant Wachovia has since acquired World Savings Bank, FSB. *Id*. at Ex. A.
Plaintiff currently brings claims against Defendant Wachovia for quiet title and
cancellation (FAC at 27), injunctive relief under § 1983 (*Id*. at 30), violation of state and
federal lender laws (*Id*. at 34), equitable subrogation (*Id*. at 42), violation of § 1983 (*Id*. at

---

[7] Though Defendant Commonwealth does not raise this issue, Plaintiff's claim is also barred by the statute of
limitations. For the reasons outlined in section III.a.2 and III.b, Plaintiff's sixth cause of action falls outside of the
statute of limitations period. It is, therefore, properly dismissed with prejudice.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 13

---

44), preparation and recordation of false documents (*Id.* at 48), and establishing a
constructive trust and disgorgement of profits. *Id.* at 54. Each of these claims arises from
the same factual event as Plaintiff's state court claims, namely Plaintiff's purchase of the
Aloma property and Defendant Wachovia's alleged fraud. The second res judicata
requirement is thus met.

        For purposes of res judicata, the prior adjudication can involve the same parties or
their privies. *Blonder-Tongue Laboratories v. Univ. of Ill. Found.,* 402 U.S. 313, 323-24
(1971). "When two parties are so closely aligned in interest that one is the virtual
representative of the other, a claim by or against one will serve to bar the same claim by
or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993)
(citations omitted). Privity can be shown through a corporate parent and its wholly-
owned subsidiary. *FDIC v. Alshuler (In re Imperial Corp. of Am.)*, 92 F.3d 1503, 1507-
1508 (9th Cir. 1996) (res judicata applied to wholly-owned subsidiary of parent
corporation); *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development
Corp.*, 933 F.2d 724, 728 (9th Cir. 1991) (final judgment against parent entity acted as res
judicata bar to claims against subsidiary), *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir.
1983) (defendant in prior suit was wholly owned by defendant in subsequent suit, and
collateral estoppel barred second suit); *Adolph Coors Co. v. Sickler*, 608 F. Supp. 1417,
1430 (C.D. Cal. 1985) (res judicata applied to parent of subsidiary organization). World
Savings Bank is the wholly-owned subsidiary of Defendant Wachovia. Defendant
Wachovia thus satisfies the first res judicata requirement.

        As to the third requirement, a dismissal with prejudice acts as a final adjudication
on the merits. *Stewart v. U.S. Bancorp.*, 297 F.3d 953, 956 (9th Cir. 2002). The court
filed a dismissal with prejudice in favor of World Savings Bank on October 2, 2008.
Therefore, there has been a final adjudication on the merits. The three res judicata
requirements are met as to Defendant Wachovia. Res judicata bars Plaintiff's claims. The
Court DISMISSES WITH PREJUDICE Plaintiff's claims against Defendant Wachovia.[8]

---

[8] Plaintiff has separately named World Savings Bank, FSB, Wachovia Mortgage, FSB, and Wachovia Corporation
as separate defendants. The Court's holding applies to each of them.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                              Date: October 16, 2013
                                                               Page 14

---

### f. Defendant Monroe

Defendant Monroe contends that Plaintiff's claims against him are barred by
judicial immunity. The Court agrees.

"It is well settled that judges are generally immune from suit for money damages."
*Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). "[I]t is a general principle of the highest
importance to the proper administration of justice that a judicial officer, in exercising the
authority vested in him, shall be free to act upon his own conviction, without
apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347
(1872). Further,

> This immunity applies even when the judge is accused of acting
> maliciously and corruptly and it is not for the protection or benefit of
> a malicious or corrupt judge, but for the benefit of the public whose
> interest it is that the judges should be at liberty to exercise their
> functions with independence and without fears of consequences.

*Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citations omitted).

The Supreme Court has established that judges are immune from civil suits arising
out of the exercise of their judicial functions. *Mireles*, 502 U.S. at 11. The following
factors are relevant in determining whether a particular act is judicial in nature: "(1) the
precise act is a normal judicial function; (2) the events occurred in the judge's chambers;
(3) the controversy centered around a case then pending before the judge; and (4) the
events at issue arose directly and immediately out of a confrontation with the judge in his
or her official capacity." *Meek v. County of Riverside*, 183 F.3d 962, 967 (1999) (citing
*New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989)).

Plaintiff's sole allegation against Defendant Monroe is that the Judge violated his
civil and Constitutional rights under 42 U.S.C. § 1983. FAC at 44. Plaintiff alleges that
Defendant Monroe conspired with other defendants to steal Plaintiff's property in return
for financial gain. *Id.* ¶ 125. Plaintiff's First Amended Complaint against Defendant
Monroe boils down to the fact that Plaintiff was unhappy that Defendant Monroe did not
rule in his favor and, therefore, Defendant Monroe must be engaged in an elaborate
conspiracy against him. *See* FAC ¶¶ 291–297. Plaintiff contends that this conspiracy
waived Defendant Monroe's absolute judicial immunity. *Id.* ¶ 125-26.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 15

_____

Even if Plaintiff's extravagant and conclusory allegations were true, they would
not support his conclusion. Plaintiff's allegations against Defendant Monroe all concern
Defendant Monroe's actions in court, in his role as a judge, when adjudicating a case
before him. Plaintiff's allegations clearly concern Defendant Monroe's judicial functions.
Even if Defendant Monroe was acting maliciously or corruptly, he would be shielded
from liability. Plaintiff's lack of success on appeal does not change this analysis. *Id.* ¶
129. In fact, it should indicate just how misguided is Plaintiff's claim against Defendant
Monroe.

Plaintiff's claim against Defendant Monroe is barred by his absolute judicial
immunity and is therefore DISMISSED WITH PREJUDICE.

**IV.   Defendant Skinner's Motion for Sanctions**

Rule 11(b) of the Federal Rules of Civil Procedure establishes that when an
attorney or unrepresented party presents a pleading or motion to the court, she certifies
that:

> (1) it is not being presented for any improper purpose, such as to
> harass, cause unnecessary delay, or needlessly increase the cost of
> litigation; (2) the claims, defenses, and other legal contentions are
> warranted by existing law or by a nonfrivolous argument for
> extending, modifying, or reversing existing law or for establishing
> new law; [and] (3) the factual contentions have evidentiary support
> or, if specifically so identified, will likely have evidentiary support
> after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). Section (c)(1) allows the Court to impose sanctions for
violation of this certification. The sanction imposed must only be sufficient to
deter repetition of the violation, but may include "nonmonetary directives; an
order to pay a penalty into court; or, if imposed on motion and warranted for
effective deterrence, an order directing payment to the movant of part or all of the
reasonable attorney's fees and other expenses directly resulting from the
violation." Fed. R. Civ. P. 11(c)(4).

The Court agrees with Defendant Skinner that monetary sanctions are
appropriate but chooses not to impose the requested nonmonetary sanctions,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 16

---

namely an injunction against Plaintiff filing any further pleadings against Defendant Skinner. As outlined above, Plaintiff's sixth and eighth causes of action mirror the alleged fraud claimed by Plaintiff against Defendant Skinner in *Salessi v. Abercrombie et al.* in Orange County Superior Court. That case was disposed of via judgment on the pleadings against Plaintiff. Despite this, Plaintiff makes the same unsuccessful, and now procedurally barred, allegations against Defendant Skinner. Likewise, Plaintiff's fourth cause of action has no basis in fact. Plaintiff has not even attempted to plead the elements of equitable subrogation or cite any authority for its application here. Plaintiff was aware of these shortcomings through Defendant Skinner's first Motion to Dismiss (Dkt. 68) on July 10, 2009. Rather than making an effort to fix his pleadings, Plaintiff opts to continue his pattern of making vague, redundant, and conclusory allegations about global conspiracies against him. Plaintiff's actions are sanctionable.

The Court imposes a $13,500 monetary sanction on Plaintiff, representing Defendant Skinner's attorney's fees and expenses incurred in relation to this case.[9] *See* Motion for Sanctions (Dkt. 109) at 22.

**V.       Plaintiff's Motion for Leave to File a Second Amended Complaint, and Defendants' Motions to Strike "Alias Summons"**

On March 25, 2013, the Court entered it Scheduling Order (Dkt. 96), which stated: "Any motions to join other parties or for leave to amend the pleadings shall be filed within sixty (60) days of the date of this Order." Plaintiff failed to file this motion before the deadline. On April 19, 2013, the Court issued a scheduling order setting June 24, 2013 as the hearing date for all motions to dismiss. Plaintiff failed to file this motion more than thirty days before the hearing pursuant to Local Rule 6–1. On June 7, 2013, the Court ordered Plaintiff to file a proposed Second Amended Complaint pursuant to Local

---

[9] Defendant Skinner provides the Court with an itemized spreadsheet of the tasks completed, the time spent on those tasks, and the hourly rate. Defendant Skinner calculated a total of 62.7 hours spent on this case at the time of the motion. The hourly rate ranged from $180 to $195 per hour. Based on these figures, Defendant Skinner calculated fees of $12,041 at the time of the motion. In a separate section, Defendant Skinner included estimated future fees. Defendant Skinner estimated that an additional 17 hours would be spent on the case at an hourly rate of $195. Defendant Skinner's expected future fees were thus $3,315 for a total fee estimate of $15,356, corresponding to the $15,000 that Defendant Skinner requested. However, Defendant Skinner included in her calculations the time spent preparing for, traveling to, and attending a hearing on the 12(b) motions and Motion for Sanctions. Defendant Skinner estimated that she would spend eight hours on this task at $195 per hour, resulting in fees of $1,560. No hearing is necessary on these motions. Therefore, the Court has subtracted $1,500 from the sanction for a total sanction of $13,500.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 17

---

Rule 15–1 by June 11, 2013. Dkt. 129. Plaintiff failed to file a proposed Second Amended Complaint. Despite all of this, Plaintiff requests that the Court grant him leave to file a Second Amended Complaint. The Court refuses to do so.

"The Court should freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a)(2). However, courts have discretion to deny leave to amend "if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (affirming denial of motion to amend and noting that "prejudice to the opposing party is the most important factor") (internal citations omitted). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir.), cert. denied, 479 U.S. 816 (1986); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (denying motion to amend where party "knew or should have known the facts and theories raised by the amendment in the original pleading");*Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (upholding district court's denial of leave to amend fraud claim where plaintiff had facts prior to first amendment and amendment was both prejudicial and dilatory).

Granting Plaintiff's motion would prejudice and unnecessarily delay Defendants. This case has been pending since November 2008. Despite the bankruptcy stay, Plaintiff has had adequate time to amend his Complaint. This is especially so when considering that Plaintiff has already amended his Complaint once in federal court and three times in state court. Defendants have already filed motions to dismiss twice in this case. The Court will not allow Plaintiff to avoid an unfavorable ruling on those motions by filing another amended complaint and adding unnecessary time, expense, and confusion to this case. This would prejudice Defendants and unnecessarily punish them for Plaintiff inability or unwillingness to meet deadlines.

Even if granting Plaintiff's motion would not prejudice Defendants, the Court would not grant it because Plaintiff's amendments would be futile. Plaintiff's claims are barred by a combination of claim preclusion and the statute of limitations. Amending the Complaint to include more parties, claims and allegations arising out of the same sale of the Aloma property cannot cure these defects. Plaintiff simply has known, or should have known long ago, of the factual bases for his claims, and he has been through two state lawsuits in his quixotic quest. His new claims would similarly be barred by claim preclusion and the statute of limitations.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 08-01274-DOC (JPRx)                    Date: October 16, 2013
                                                      Page 18

Therefore, the Court DENIES Plaintiff's Motion for Leave to File a Second Amended Complaint.

Plaintiff's "Alias Summons" should also be stricken, as requested by various defendants (Dkts. 157, 164). "Motions to strike may be granted if 'it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (citing *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D.Cal.1992)). That is certainly the case here, and thus the Motions to Strike are GRANTED.

## VI.    Disposition

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss and DISMISSES WITH PREJUDICE all of Plaintiff's claims.[10] The Court GRANTS Defendant Skinner's Motion for Sanctions, DENIES Plaintiff's Motion for Leave to File a Second Amended Complaint, and Grants Motions to Strike.

Defendants in this case are directed to file a proposed judgment within 10 days of this order.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                             Initials of Deputy Clerk: dv

---

[10] Defendant Western Surety and Defendants John Chakmak and Buxbaum & Chakmak are named defendants in Plaintiff's First Amended Complaint. However, the Court has already dismissed these defendants.